UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENIO CARMELO VARA,

       Plaintiff,                      CASE NO. 07-15222
                                          HON. LAWRENCE P. ZATKOFF

v.

MICHAEL CANNON, Section Chief,
National Name Check Program, Federal
Bureau of Investigation, et al.,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 7, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Remand (Docket #14). Plaintiff responded, and Defendants have since replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion will be GRANTED.

## II. BACKGROUND

This case arises from Plaintiff's application for naturalization with the United States Citizenship and Immigration Services ("USCIS"). Plaintiff is a citizen of Spain and has been a

lawful permanent resident of the United States since 1971. Plaintiff filed an application for naturalization (Form N-400) in November 2003, and USCIS submitted a name check request for Plaintiff to the Federal Bureau of Investigation ("FBI") shortly thereafter, with a request to expedite. In July 2004, the Detroit USCIS office conducted an interview of Plaintiff with regard to his application. The Detroit USCIS adjudicator informed Plaintiff that he had passed the English and U.S. History and Government tests, but that a decision could not be made on his application until pending security background checks were completed.

According to the FBI, Plaintiff's name check was completed on January 29, 2007, but the results apparently were never received by the Detroit USCIS office. Plaintiff filed the current suit on December 7, 2007, seeking (1) a declaration from the Court that Plaintiff has a right to become a naturalized citizen, and/or (2) issue a writ of mandamus compelling an immediate completion of all necessary background and security checks and adjudication of Plaintiff's application.

USCIS requested another name check on February 13, 2008, again with a request to expedite. Based on a news release issued by USCIS on April 2, 2008, the USCIS and FBI created a joint plan to eliminate the backlog of FBI name checks. Based on this plan, the target completion goal for name checks pending more than three years (such as Plaintiff's original name check) was May 2008, the target completion goal for name checks pending more than one year is November 2008 and the target completion goal for name checks pending more than 180 days is February 2009. According to the news release, the joint plan was to focus on resolving the oldest pending FBI name checks first and USCIS was to request that the FBI prioritize the resolution of almost 30,000 name checks submitted before May 2006 where the applicant was already interviewed (*i.e.*, persons such as Plaintiff). At the time this motion was briefed, the results of the second name check request had not yet been received.

## III. ANALYSIS

Defendants move the Court to remand this case to USCIS to make a decision on Plaintiff's application for naturalization after all of the background check information becomes available and any necessary follow-up is complete, or within a reasonable specified time. This is a common remedy in this type of case, particularly in the Eastern District of Michigan, as evidenced by the many cases cited by Defendants. In response, Plaintiff does not oppose Defendants' motion to remand, provided that the Court retain jurisdiction over Plaintiff's action and schedule a conference within 90 days of the date of this Opinion and Order. Defendants accurately note, however, that the Court cannot retain jurisdiction over Plaintiff's action if the action is remanded to USCIS. *See* 8 U.S.C. § 1447(b).

The Court concludes that remanding this matter to USCIS is the appropriate remedy at this time. Until the security and background checks are complete, this Court cannot make a decision regarding Plaintiff's application for naturalization any sooner than USCIS can. Therefore, the Court hereby ORDERS that this matter be remanded to USCIS, in accordance with the terms and directives set forth below.

Although the Court cannot retain jurisdiction over Plaintiff's action upon remand to USCIS, the Court can order that Defendants resolve this matter in a timely fashion, something that clearly has not been done thus far, albeit apparently unintentionally. Plaintiff's application has now been pending for essentially five years and the initial name check on Plaintiff was submitted almost that long ago. Morever, although Defendants recognized the backlog and problems that existed such that they created the joint plan announced in April 2008, Plaintiff's name check still has not been completed. Accordingly, based on (1) the excessive delay in completing Plaintiff's name check, and

3

(2) the joint plan released by USCIS and the FBI, the Court hereby ORDERS Defendants to complete Plaintiff's name check on or before February 1, 2009.

Upon completion of the Plaintiff's name check, the Court FURTHER ORDERS that USCIS promptly resolve any issues arising from the results of such name check and determine if Plaintiff meets the qualifications for naturalization. USCIS shall complete their consideration of Plaintiff's application as quickly as possible but shall do so without sacrificing the necessary degree of thoroughness in making its determination.

Finally, in the event Plaintiff re-files this cause of action and the Court thereafter concludes that Plaintiff had good reason to do so because one or more of Defendants failed to act in compliance with the directives and orders of the Court pursuant to this Opinion and Order, the Court shall impose sanctions on any such Defendant(s).

## IV. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Remand is GRANTED. IT IS FURTHER ORDERED that this case is REMANDED to the United States Citizenship and Immigration Services to complete the mandatory background and security check and to promptly resolve Plaintiff's application for naturalization, in accordance with the directives set forth herein.

IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: November 7, 2008

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 7, 2008.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290